[Crim. No. 989.   First Appellate District, Division One.—August 13, 1921.]

## THE PEOPLE, Respondent, v. A. J. CAMERON, Appellant.

[1]   CRIMINAL LAW—EVIDENCE—OTHER OFFENSES.—While the general rule is that evidence of an offense other than the one for which the defendant is on trial is inadmissible where the commission of such other offense appears merely incidentally in proving a fact pertinent to the charge on trial, such proof is not held to violate the general rule.

[2]   ID.—ATTEMPT TO COMMIT BURGLARY—APPLIANCES USED—UNLAWFUL POSSESSION—EVIDENCE.—In a prosecution for an attempt to commit burglary it is proper to prove the possession by the defendant of an appliance used in the commission of such offense, although in making such proof his possession of the instrument appears to have been unlawfully obtained.

---

1.   Evidence of other crimes in prosecution for burglary, notes, 16 Ann. Cas. 669; 62 L. R. A. 236, 285, 317, 324.

APPEAL from a judgment of the Superior Court of Contra Costa County. A. B. McKenzie, Judge. Affirmed.

The facts are stated in the opinion of the court.

S. L. Mash for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

KERRIGAN, J.—The defendant was convicted of an attempt to commit burglary, and appeals from the judgment and an order denying him a new trial.

On the eighth day of January, 1921, at about 1:45 A. M., the defendant and one Fleming were seen standing at the front door of a garage on Seventh Street, in Richmond, by two police officers. Apparently the defendant was trying to pry off the lock of the door. The officers approached the garage, whereupon the defendant and his companion walked away. The officers followed, and as they passed the garage they noticed that the door lock was missing. They continued to follow the couple, and while doing so observed Fleming in the act of discarding certain articles. Being overtaken by the officers, and failing to satisfactorily account for their presence in that locality at such a time, they were taken into custody. On the way to the jail the defendant attempted to escape, and upon his refusal to halt was fired upon and wounded by one of the officers, and recaptured. Subsequently a flash-light was found in the neighborhood, also two tire-tools and a box-opener or claw-tool. A brass Yale padlock of the garage had been pried off, and was picked up in the path of the retreat of the defendant, and a pair of pliers was found in the pocket of the defendant.

Fleming was called as a witness for the prosecution, and he corroborated the testimony of the police officers, and said that the defendant had told him that he intended to break into the Richmond garage. He also testified that the defendant had used a tire-tool and a box-opener to open the lock; that one of the tools used to open the lock had been obtained from a grocery-store in Richmond burglarized that evening by the defendant and himself. It was also shown

by marks on the door that one of the tools used to pry off the lock was of the size of that taken from the grocery-store.

No claim is made by the defendant that the evidence is insufficient to sustain the verdict, but he contends that the court erred in admitting over his objection the evidence tending to prove him guilty of robbing the grocery-store, and that the judgment should be reversed for this reason.

[1] It is true that the general rule is that evidence of an offense other than the one for which the defendant is on trial is inadmissible; but where the commission of such offense appears merely incidentally in proving a fact pertinent to the charge on trial, such proof is not held to violate the general rule referred to. [2] In the case at bar it was proper to prove the possession by the defendant of an appliance used in the commission of the offense with which he was charged; and the defendant was not entitled to exclude such proof, although in making it his possession of the instrument appeared to have been unlawfully obtained. Russell, in his work on Crimes, volume 3, page 406, cites two cases sustaining the ruling of the trial court. In one of them the defendant had committed three burglaries in one night. He stole from one of the places entered a shirt, which he left at another of them. Being tried upon one charge, it was held that the three burglaries were all so connected that it was proper for the prosecution to disclose all of them. In the second of the cases cited two burglaries were committed in the same town, one at Keeling's and the other at Blandon's, between the hours of 12 midnight and 3 o'clock A. M. At the latter place a crowbar was found which fitted some of the marks on a chest broken open at the former, and which was proved to have been in the possession of the defendant previous to the night in question. Evidence of the finding of the crowbar at Blandon's was held to be competent upon the trial of the Keeling burglary, as also of the finding in the possession of defendants of goods stolen the same night from the Blandon place, such evidence tending to show that the prisoners had been at Blandon's and might have left the crowbar there.

In the case of *People* v. *Nakis*, 184 Cal. 105, [193 Pac. 92], it was held that where it had been proved that .38

and .41 bullets were found in the body of the deceased and that a pistol capable of discharging bullets of both calibers was found in the cabin where the defendant was arrested, the testimony of a witness that he had owned the pistol in question for over thirty years and that it had been taken from him about a month before the murder at a time when he and others had been robbed by a number of men, among whom was the defendant, was competent as tending to prove the defendant possessed such pistol at the time of the murder.

It results that this contention of the appellant is untenable.

Judgment and order affirmed.

Waste, P. J., and Richards, J., concurred.